ANTHONY GOLDSMITH (SBN 125621)
LAW OFFICES OF ANTHONY GOLDSMITH, APC
6303 Owensmouth Ave, 10th Floor
Woodland Hills, California 91367
Tel: (818) 646-2071
Fax: (818) 237-9256
Email: agoldsmith@goldsmithlawoffices.com
          info@goldsmithlawoffices.com

Attorneys for Plaintiff
GUY JONES

# IN THE UNITED STATES DISCTRICT COURT
## IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GUY JONES, an individual** | CASE NO. |
| Plaintiff, | <u>Civil Rights</u> |
| v. | **COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES** |
| **DIGNITY COMMUNITY CARE, a Colorado non profit corporation, DIGNITY HEALTH, a California non profit corporation, COMMONSPIRIT HEALTH, a Colorado non profit corporation and DOES 1-100, inclusive,** | 1. **Violation of the Americans with Disabilities Act Title III [42 U.S.C. §§ 12182(a), *et seq.*]** |
| Defendants. | 2. **Violation of the Rehabilitation Act of 1973 [29 U.S.C. §§ 794, *et seq.*]** |
| | 3. **Violation of the Disabled Persons Act [Cal. Civil Code §§ 54 And 54.1]** |
| | 4. **Violation of the Unruh Civil Rights Act [Cal. Civil Code § 51]** |
| | 5. **Negligence** |
| | **DEMAND FOR JURY TRIAL** |

**INTRODUCTION**

1.      Guy Jones ("Plaintiff") is an adult resident of the Bruceville Terrace facility located at 8151 Bruceville Rd., Sacramento, California (the "Facility"). Plaintiff is an individual with a disability as defined by the Americans with Disabilities Act of 1990 (the ADA), California Civil Code §51(d)(1), and Cal. Gov. Code §12926.1(c). Since the date he moved into the Facility in November of 2020, Plaintiff has had to face inaccessible conditions that limit his ability to safely come and go from the Facility and maneuver his wheelchair at the portions of the Property (the Property") on which the Facility is located and which connects the Facility to other buildings owned and/or operated by Defendants as well as the public rights of way (as well as within the Facility); all in violation of federal and State laws and regulations.

**JURISDICTION AND VENUE**

2.      This Court has subject matter jurisdiction of this action, pursuant to:  (a) 28 USC § 1331 for violations of the Americans with Disabilities Act of 1990 (hereinafter, the "ADA"), 42 U.S.C. §§ 12101 et seq.; (b) 28 USC § 1343(3) for claims arising under § 504 of the Rehabilitation Act of 1973 (hereinafter the "Section 504"); and  (d) 28 U.S.C. § 1367(a) for supplemental jurisdiction over attendant and related causes of action arising from the same nucleus of facts and brought under California law, including violations of California Civil Code §§ 51, 54 and 54.1 and common law  This court also has jurisdiction over Plaintiff's claims for injunctive relief, pursuant to the ADA, the Rehabilitation Act of 1973, and Rule 65 of the Federal Rules of Civil Procedure, and State law authorizing injunctive relief.

3.      Venue is proper in this court, pursuant to 28 USC § 1391(b)(2) because Plaintiff's claims arose within the Judicial District of the United States District Court for the Eastern District of California.  Plaintiff is informed and believes and based thereon alleges that all of the incidents complained of herein and the property that is the subject this action are within the City of Sacramento and within this District.

4.      The Court should maintain jurisdiction over Plaintiff's supplemental State law Unruh Act and Disabled Persons Act claims as neither Plaintiff nor his counsel are "high

1  frequency litigants" as defined by California law.

2

3                          **THE PARTIES**

4        5.      At all times herein relevant, Plaintiff, as set forth above, has been defined as a

5  person with a disability as per all relevant State and federal laws. He is impacted by quadriplegia

6  and relies on a wheelchair for mobility.  Plaintiff's physical impairments substantially limits major

7  life activities, including standing and walking.  Plaintiff cannot perform these activities in the same

8  manner, speed and duration as the average person.  Moreover, Plaintiff has a history of, has been

9  diagnosed with and classified as having a physical impairment and the disability noted above.

10 Plaintiff has limited use of his left arm. Plaintiff cannot transfer from his wheelchair independently.

11 Plaintiff requires extensive assistance with his activities of daily living.

12       6.      On information and belief, Defendant Dignity Community Care (DCC) is, and at

13 all times mentioned herein was, a non-profit Colorado corporation doing business under the laws

14 of the State of California.  Plaintiff is informed and believes, and on that basis alleges, that the

15 above-named Defendant is the operator and/or owner of the Facility and/or the Property and that

16 it provides the provides skilled nursing services and other related care at the Facility and/or owns

17 or operates and/or has an interest in the real property where the services of the Facility are offered

18 and areas adjacent thereto (including associated exterior routes and paths of travel). It operates as

19 a business establishment under the laws of the State of California because it provides goods,

20 services and facilities in exchange for money and operates a place of public accommodation and a

21 public accommodation under the ADA.

22       7.      On information and belief, Defendant Dignity Health is, and at all times mentioned

23 herein was, a non profit corporation existing and/or doing business under the laws of the State of

24 California. Plaintiff is informed and believes, and on that basis alleges, that the above-named

25 Defendant is an operator and/or owner of the Facility and/or the Property and that it provides the

26 provides skilled nursing services and other related care at the Facility and/or owns or operates

27 and/or has an interest in the real property where the services of the Facility are offered and areas

28 adjacent thereto (including associated exterior routes and paths of travel). It operates as a business

- 3 -

establishment under the laws of the State of California because it provides goods, services and facilities in exchange for money and operates a place of public accommodation and a public accommodation under the ADA.

8.      On information and belief, Defendant CommonSpirit Health is, and at all times mentioned herein was, a non-profit Colorado corporation doing business under the laws of the State of California.  Plaintiff is informed and believes, and on that basis alleges, that the above-named Defendant is the operator and/or owner of the Facility and/ or the Property and that it provides the provides skilled nursing services and other related care at the Facility and/or owns or operates and/or has an interest in the real property where the services of the Facility are offered and areas adjacent thereto (including associated exterior routes and paths of travel). It operates as a business establishment under the laws of the State of California because it provides goods, services and facilities in exchange for money and operates a place of public accommodation and a public accommodation under the ADA.

9.      Plaintiff is presently unaware of the true names and capacities of those sued herein as DOE 1 through DOE 100 and therefore names such Defendants in this action by a fictitious name.  Plaintiff will seek to amend this complaint to insert the true names and capacities of such fictitiously named Defendants when ascertained together with such additional facts as have been ascertained.  Plaintiff alleges that each such fictitiously named Defendant is in some manner legally responsible for the harms and losses alleged herein and answerable for some or all of the relief sought herein and currently or at a past time relevant to this action either owned and/or operated the Facility or the Property or had an interest therein.

10.     Plaintiff does not know the respective roles played by Defendants with respect to the design, construction, modification, alteration, maintenance, or inspection of the Facility or the Property and alleges a joint venture and common enterprise by defendants in the ownership and/or operation of the Facility and/or the Property.

**STATEMENT OF FACTS**

11.     Plaintiff Guy Jones is impacted by Quadriplegia and is paralyzed from the chest down. He relies on a motorized wheelchair for his mobility. Plaintiff moved into the Defendants' residence Facility in November of 2020. For several months he was living in Room B 113, but thereafter resided in Room A 103. Because of his financial situation, in order to reside at the Facility, Plaintiff is required to pay all but $35 a month of his benefits for his board and care.

12.     Plaintiff is informed and believes and based thereon alleges that the Facility is (among other possible licensures) licensed as a skilled nursing facility and provides short and long term care. The buildings at the Facility and other areas of the Property have multiple exterior routes that connect the various buildings at the Property and provide access off site from the Facility, including to the public rights of way. At all times relevant hereto, Plaintiff has had difficulty, and discomfort as well as suffering embarrassment and pain because of the lack of accessibility in these exterior routes which are required to have been in an accessible condition. The Property contains other buildings where Plaintiff regularly goes for medical care including eye care and other medical care.

13.     On March 10, 2022, Plaintiff was injured when he fell because of an abrupt change in level in a path of travel he needed to use to exit the Property. He injured a knee and his shoulders as a result of this fall. Plaintiff has to use the exterior paths on the Property at least once per month, including when he needs to visit other buildings on the Property, access the parking lot or exit the Property. Plaintiff would like to leave the Facility far more often than he does, but always has been and continues to be deterred from doing so because the paths of travel are inaccessible and unsafe. This substantially limits his independence, freedom and quality of life and causes him to suffer isolation, embarrassment and other harms including difficulty, pain, discomfort and embarrassment when he uses any of the inaccessible elements complained of herein, including the exterior paths of travel and doors that are too heavy to safely operate or that snap back on him at excessive speed.

14.     The barriers in the paths of travel from the Facility and throughout the property are pervasive. They include dramatically non complaint abrupt changes in level that on information

and belief are caused by lack of repairs and maintenance and in some cases seem to be the result of new construction or alteration violations of State and federal laws. By way of example but not limitation, under both State and federal access requirements accessible routes should demonstrate no more than a ¼" abrupt change of level (unless beveled at 1:2). Plaintiff alleges that multiple areas throughout the exterior paths of travel present uneven surfaces with abrupt changes in level far in excess of ¼," Additionally, the routes in question are required to demonstrate cross slopes of no more than 1:48 (2.083%). Plaintiff is informed and believes and based thereon alleges that excessive cross slopes up to 4.8% have been measured at the Property and that cross slopes are *pervasive* barriers throughout various pathos of travel. Also, on information and belief, Plaintiff alleges that various ramps at the Property are non-complaint, demonstrating significant deviations from slope, landing and level requirements.  Additionally, Plaintiff alleges that the doors to the patios at the Facility are inaccessible. On information and belief, all of the doors in question demonstrate excessive operating pressures (up to 20lbs). In addition, on information and belief Plaintiff alleges that the subject doors close far too quickly. When Plaintiff has used these doors, he has had to push through them with his chair and he is informed believes that these regular encounters have damaged his wheelchair. Further, the doors close too quickly and have hit and damaged his chairs. On information and belief, Plaintiff also avers that various interior doors at the Facility are non-compliant requiring excessive operating pressures and that they close too quickly to meet State and federal access standards. Plaintiff shall amend his complaint after he conducts a full inspection of the Facility interior.

## FIRST CLAIM
### (Against all Defendants)
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT TITLE III
### [42 U.S.C. § 12182(a), *et seq.*]

15.     Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the factual allegations contained in the preceding paragraphs.

16.     Plaintiff alleges that Defendants own, lease and/or operate a public accommodation as defined in 42 U.S.C. § 12181.

17.     As owners and operators of a place of public accommodation, Defendants are

required to provide Plaintiff, as a disabled person, "full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations" of the Bruceville Terrace Facility and the exterior paths of travel associated therewith at the Property as well as accessible doors and interior and exterior spaces and elements.

18.    Based on the foregoing, Plaintiff alleges, on information and belief, that Defendants have refused to make the complained of exterior paths of travel, doors and other elements accessible to and useable by Plaintiff and other people similarly situated.

19.    Plaintiff has physical disabilities as alleged above because Plaintiff's conditions affect one or more of the following body systems: Neurological, musculoskeletal and/or cardiovascular.  Further, Plaintiff's physical impairments substantially limit major life activities; including standing and walking.  Plaintiff cannot perform the above-noted major life activities in the manner, speed and duration when compared to the average person.  Moreover, Plaintiff has a history of or has been diagnosed and/or classified as having a physical impairment as required by 42 U.S.C. section 12102(2)(A).

20.    One of the specific prohibitions against discrimination under the ADA is set forth in 42 U.S.C. section 12182(b)(2)(A)(iv).  That section prohibits, in pertinent part: "A failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities ... where such removal is readily achievable."

21.    Plaintiff alleges, on information and belief, that the removal of each of the specific barriers that Plaintiff encountered as set forth above, was at all times, "readily achievable" pursuant to the factors set forth in the ADA and the applicable regulations adopted by the United States Department of Justice under the ADA (said regulations being set forth in 28 CFR Part 36).  Further, assuming, *arguendo*, that Defendants were able to meet their burden of proof that the removal of the defined architectural barriers (or any of them) was or is not "readily achievable," Plaintiff alleges, on information and belief, that Defendants have conspicuously failed to make their goods, services, facilities, privileges, advantages and/or accommodations available through alternative readily achievable means pursuant to the requirements of 42 U.S.C. section 12182(b)(2)(A)(v).

22.     The specific prohibitions against discrimination under the ADA, as set forth in 42 U.S.C. section 12182(b)(2)(A)(ii) proscribe the following: "A failure to make reasonable modifications in policies, practices and procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities." Additionally, on information and belief, Plaintiff alleges that Defendants have conspicuously failed to obey the provisions of section 36.211 of 28 CFR 36 that requires public accommodations to maintain features that are required to be accessible.

23.     Based on the facts and allegations pled herein, Plaintiff alleges, on information and belief, that Defendants failed and refused to reasonably modify their policies, practices and procedures in that they failed to have a scheme, plan or design to assist Plaintiff and/or others similarly situated in enjoying and utilizing Defendants' services, facilities, privileges, advantages or accommodations, as required by the ADA. Additionally, on information and belief, Plaintiff alleges that Defendants conspicuously failed to adopt required policies and procedures to allow people with disabilities to effectively navigate the Facility and the Property.

24.     Plaintiff is informed and believes and based thereon alleges that Defendants have modified and altered various parts of the Property and Facility (or other buildings at the Property) on or after January 26, 1992, in a manner that affects the usability and accessibility of the Facility and/or have altered or added to or altered pedestrian paths of travel in the Property. The ADA specifically prohibits discrimination against persons with disabilities in the construction and alteration of public accommodations. In this regard, 42 U.S.C. section 12183(a)(2) as enforceable at the time of the incidents described herein prohibits:

> (2) with respect to a facility or part thereof that is altered by, on behalf of, or for the use of an establishment in a manner that affects or could affect the usability of the facility or part thereof, a failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs. Where the entity is undertaking an alteration that affects or could affect usability of or access to an area of the facility containing a primary function, the entity shall also make the alterations in such a manner that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities

- 8 -

where such alterations to the path of travel or the bathrooms, telephones, and drinking fountains serving the altered area are not disproportionate to the overall alterations in terms of cost and scope (as determined under criteria established by the Attorney General).

25.     Sections 36.402 and 36.403 of 28 C.F.R. Part 36 contain the regulations called for and referenced in 42 U.S.C. section 12183(a)(2).  As enforceable at the time of the incidents alleged herein, section 36.402 of 28 C.F.R. Part 36 states, in pertinent part:

(a)  General. (1) Any alteration to a place of public accommodation or a commercial facility, after January 26, 1992, shall be made so as to ensure that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs.

(2)  An alteration is deemed to be undertaken after January 26, 1992, if the physical alteration of the property begins after that date.

(b)  Alteration. For the purposes of this part, an alteration is a change to a place of public accommodation or a commercial facility that affects or could affect the usability of the building or facility or any part thereof.

(1)  Alterations include, but are not limited to, remodeling, renovation, rehabilitation, reconstruction, historic restoration, changes or rearrangement in structural parts or elements, and changes or rearrangement in the plan configuration of walls and full-height partitions...

(2)  If existing elements, spaces, or common areas are altered, then each such altered element, space, or area shall comply with the applicable provisions of appendix A to this part.

26.     Section 36.403(a) of 28 C.F.R. Part 36 requires additional "path of travel" accessibility work to be conducted in connection with certain alterations. That section, as enforceable at the time of the incidents alleged herein states, in pertinent part:

(a)  General. An alteration that affects or could affect the usability of or access to an area of a facility  that contains a primary function shall be made so as to ensure that, to the maximum extent feasible, the path of travel to the altered area and the restrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs, unless the cost and scope of such alterations is disproportionate to the cost of the overall alteration.

27.     Section 36.403(e) defines a path of travel as follows:

(e)  Path of Travel.  (1) A 'path of travel' includes a continuous,

- 9 -

unobstructed way of pedestrian passage by means of which the altered area may be approached, entered, and exited, and which connects the altered area with an exterior approach (including sidewalks, streets, and parking areas), an entrance to the facility, and other parts of the facility.

(2) An accessible path of travel may consist of walks and sidewalks, curb ramps and other interior or exterior pedestrian ramps; clear floor paths through lobbies, corridors, rooms, and other improved areas; parking access aisles; elevators and lifts; or a combination of these elements.

(3) For the purposes of this part, the term 'path of travel' also includes the restrooms, telephones, and drinking fountains serving the altered area.

28.     Based on the facts and allegations pled in this Complaint, Plaintiff was damaged and will suffer irreparable harm unless Defendants are ordered to discontinue business at the Facility or: (i) remove architectural and other barriers at Defendants' Facility and on the Property and otherwise obey the requirements of the ADA and (ii) adopt policies and procedures that comport with the requirements of the ADA with respect to the enjoyment of the facilities by persons with disabilities.  Plaintiff alleges that Defendants' discriminatory conduct is capable of repetition, and this discriminatory repetition adversely impacts Plaintiff and a substantial segment of the disability community.  Plaintiff alleges there is a national public interest in requiring accessibility in places of public accommodation.  Plaintiff has no adequate remedy at law to redress the discriminatory conduct of Defendants.   Accordingly, Plaintiff alleges that a prohibitory or mandatory injunction, including a paid monitor, is necessary to assure that Defendants comply with the applicable requirements of the ADA.  Other access barriers may exist within the Facility or at the Property.  Plaintiff will seek leave to amend this Complaint after a complete site survey of the Facility and Property by his access consultant, pursuant to the 9th Circuit's holding in *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034 (9th Cir. 2008).

**SECOND CLAIM**
**(Against all Defendants)**
**FOR VIOLATIONS OF § 504 OF THE REHABILITATION ACT OF 1973**
**(29 U.S.C. § 794)**

29.     Plaintiff re-alleges and incorporates by reference, as though fully set forth hereafter, each and every fact and allegation contained in the previous paragraphs of this

Complaint and incorporates them herein.

30.     Plaintiff avers, on information and belief, that the Defendants are parties with responsibility for, inter alia, owning, operating and maintaining the Facility and Property.  Plaintiff is informed and believes, and thereon alleges, that the Defendants, and each of them, has been a recipient of federal financial assistance, and that part of that financial assistance was and is used to fund the programs, services, activities, facilities and elements, and other related functions throughout the Facility and Property that are the subject of this complaint.

31.     The Defendants have, on information and belief, failed to ensure that individuals with physical disabilities, such as Plaintiff, are not excluded from the programs and activities of its operation of a skilled nursing facility and rehabilitation center and the condition of the Property as more fully set forth hereinabove.  By reason of the Defendants' discriminatory policies regarding the failure to provide accessible elements, features, and conditions including its failure to provide accessible walkways, doors and other features required to be accessible, so as to render them "accessible to and useable by" mobility impaired persons, the Defendants have intentionally discriminated against Plaintiff in violation of section 504 of the Rehabilitation Act of 1973, 29 U.S.C.§ 794, and the regulations promulgated thereunder: including those regulations governing: (i) the design, construction, modification, and alteration of elements required to be accessible;  (ii) the inspection and maintenance of said elements and facilities, so that they remain in an accessible and useable condition; and (iii) the provision of accessible programs and activities throughout the Facility and Property.

32.     Plaintiff desires to use the subject paths of travel at the Property and have access to the patios and the use of other doors in the Facility on a full and equal basis as other persons, but cannot do so unless and  until they are made accessible  Plaintiff avers that, based on the condition of the features, elements and facilities that he has encountered (and on information and belief that exist within other portions of the  Defendants' Facility and the Property), Defendants intentionally violated the Rehabilitation Act, at the least, through deliberate indifference to the needs and safety of people with disabilities. Plaintiff has incurred direct economic harm and losses, including physical personal injuries and property damage because of the violations of Section 504 by

1    Defendants.

2    33.    As a direct and proximate result of the named Defendants' violations of the

3    Rehabilitation Act, Plaintiff sustained losses and damages, and as against Defendants and any

4    other later named Defendant, is entitled to the relief set forth in the Prayer, infra, including all

5    damages and penalties allowed under federal law, attorneys' fees, costs, litigation expenses and

6    injunctive relief.

7

8                                        **THIRD CLAIM**
                                    **(Against all Defendants)**
         **VIOLATION OF CALIFORNIA'S DISABLED PERSONS ACT**
9                              **[Cal. Civil Code §§ 54 *et seq.*]**

10    34.    Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein,

11    the factual allegations contained in the preceding paragraphs.

12    35.    Plaintiff is an individual with a disability as defined in California Government Code

13    § 12926.

14    36.    Plaintiff alleges that Defendants have discriminated against him in the past and

15    have violated her rights under Sections 54 and 54.1 of the California Civil Code.

16    37.    At all times relevant to this Action, California Civil Code Sections 54 and 54.1 have

17    provided that physically disabled persons are not to be discriminated against because of their

18    physical disabilities and that they shall have full and equal use of public facilities and other public

19    places, including businesses such as the Facility and the related medical care services operated at

20    the Property.

21              California Civil Code § 54(a) provides:
22              "Individuals with disabilities shall be entitled to full and equal
                access, as other members of the general public, to all housing
23              accommodations offered for rent, lease, or compensation in this
                state, subject to the conditions and limitations established by law, or
24              state or federal regulation, and applicable alike to all persons."

25    38.    California Civil Code § 54.1 (a)(1) provides, in pertinent part, as follows:

26              Individuals with disabilities shall be entitled to full and equal access,
                as other members of the general public, to accommodations,
27              advantages, facilities, medical facilities, including hospitals, clinics
                and physicians' offices ... places of public accommodation, ... and
28              other places to which the general public is invited, subject only to

                                          - 12 -

the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons.

39.     California Civil Code § 54.1(b)(1) provides:

"Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to all housing accommodations offered for rent, lease, or compensation in this state, subject to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons."

40.     Each violation of the Americans with Disabilities Act also constitutes a violation of Sections 54(c) and 54.1(d) of the California Civil Code, thus independently justifying an award of damages pursuant to California law.  Plaintiff alleges that because of his disability he has been denied and continues to be denied full and equal access to Defendants' services and access to the Facility and Property in violation of Sections 54 and 54.1 of the California Civil Code. This is based both on Defendants' violation of his rights under the ADA and also independent violations of his rights under Sections 54(a) and 54.1(a)(1) of the California Civil Code, including Defendants' failures to build and or alter portions of the Facility and the Property in an accessible condition pursuant to the requirements of the California Building Code.   California Health & Safety Code §§ 19955 and 19955.5 were enacted "[t]o ensure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with Section 4450) of Division 5 of Title 1 of the Government Code."  At all relevant times, provisions of Health and Safety Code §§ 19955 19955.5 and 19956.5, applied to the Property and the Facility.

41.     On information and belief, Plaintiff alleges that Title 24, Part 2 of the California Code of Regulations, (the "California Building Code") was in effect from the time of the construction of the Facility and upon the date that each alteration, structural repair or modification which, on information and belief, occurred at such facility, thus requiring access for people with disabilities complying with the specifications of  Chapter 11B of the California Buildings Code (or its antecedents) whenever new construction was undertaken or each such alterations, structural repairs or additions were carried out.   On information and belief, Plaintiff alleges that the Defendants, or their predecessors in interest, designed and constructed features or elements at the

Facility and the Property or portions thereof , (including but not limited to the sidewalk / walkway on which Plaintiff was injured) and/or carried out alterations, structural repairs, or additions to the buildings and other facilities and elements of the Facility and/or Property (including other buildings and facilities than the Bruceville Terrace Facility)  during the period the California Building Code  has been in effect that would have required them to assure the existence of accessible routes, including the sidewalk/walkway where Plaintiff was injured on March 10, 2022 and must travel to navigate the Property. Additionally, the access provisions of the California Building Code require that buildings, facilities, and elements that are required to be accessible must be maintained in an accessible condition.

42.     Further, as claimed herein, Plaintiff alleges that, at all relevant times Defendants were required to comply with Title III of the ADA, and on information and belief, failed to do so, including. without limitation, (i) failures in the design, construction, modification and alteration of elements of the Property and Facility; (ii) failure to remove barriers at the Property and Facility to the extent that the same were  readily achievable; (iii) failure to adopt a plan or scheme to assure access to people with disabilities; ( iv) failure to modify policies practices and procedures to assure access at the Property and Facility; and (v) failure to maintain elements and features required to be accessible in an accessible and useable condition.

43.     Plaintiff and other similarly situated physically disabled persons, including those who require the use of a wheelchair, are unable to use sidewalks, walkways, public buildings, public facilities and other public facilities, businesses and public accommodations on a "full and equal" basis unless each such facility is in compliance with the provisions of California Health & Safety Code §§ 19953 et seq.  Plaintiff is a member of that portion of the public whose rights are protected by the provisions of Health & Safety Code §§ 19955, 19955.5 and 19956 and the accessibility provisions of the California Building Code

44.     The actions and omissions of these defendants, as herein alleged, constitute a denial of access to and use of the described sidewalks, walkways, public buildings, public facilities and other public facilities, businesses and public accommodations by Plaintiff and other similarly situated physically disabled persons within the meaning of Government Code §§ 19953 et. seq.

As a proximate result of defendants' action and omissions, defendants have discriminated against Plaintiff in violation of Government Code §§ 19955, 19955.5 and 19956 and the regulations adopted to implement § 4450 as set forth in Chapter 11B of the California Building Code and its antecedents as to commercial and other public buildings and Chapter 11A as to housing. A violation of these the aforementioned Health & Safety Code sections and the accessibility regulations adopted thereunder, including the provisions of Chapter 11B and 11A of the California Building Code, constitutes a violation of the general anti-discrimination provisions Civil Code §§ 51(b), 54 and 54.1.

45.     Section 54.3 of the California Civil Code provides that any person, firm or corporation that denies or interferes with the admittance to or enjoyment of the public facilities as specified in Sections 54 or 54.1 thereof or who otherwise interferes with the rights of an individual with a disability under Sections 54 or 54.1 shall be liable for each such offense for the actual damages, and up to three times actual damages, but in no case less than $1,000, and such attorneys' fees as may be determined by the Court.

46.     The violations of Plaintiff's rights under the ADA and California law that are alleged in this Complaint have resulted in the denial to Plaintiff of full and equal access to the Facility and Property and the services offered there and have caused Plaintiff to suffer the damage and harms set forth and alleged in this Complaint.

**FOURTH CLAIM**
**(against all Defendants)**
**VIOLATION OF THE UNRUH CIVIL RIGHTS ACT**
**[Cal. Civil Code §§ 51 *et seq.*]**

47.     Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the factual allegations contained in the preceding paragraphs.

48.     Plaintiff is a disabled person and has a disability as defined by § 12926 of the California Government Code.

49.     Based on the facts and allegations set forth in this Complaint, Plaintiff alleges that Defendants have discriminated against her and violated her rights under Section 51 of the California Civil Code.

50.     At all times relevant to this action, Section 51 of the California Civil Code has provided that physically disabled persons are not to be discriminated against because of their physical disabilities.

51.     California Civil Code § 51(b) provides, in pertinent part:

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, or medical condition are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

52.     Section 51(f) of the California Civil Code states that a violation of the ADA also constitutes a violation of California Civil Code § 51.

53.     Section 52(a) of the California Civil Code provides that whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to Section 51, 51.5, or 51.6, is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Sections 51, 51.5, or 51.6.

54.     The failure of Defendants to comply with federal and State accessibility requirements are violations of Plaintiff's rights under the ADA (triggering a violation of § 51(f)) and independently violate his rights under § 51(b).

55.     Parties who, like Defendants, own and/or operate places of public accommodation that provide skilled nursing and medical care facilities are familiar with the requirements to adopt, create, modify and maintain policies, practices and procedures and/or provide auxiliary aids and services so that people with disabilities have equal access to the services they provide. Defendants clearly failed to do this. They are also aware that the paths of travel throughout the Property are dangerous and extraordinarily non-compliant with State and federal access requirements and have failed to construct/alter or maintain the subject features in accessible condition, all as is required by law. This misconduct is knowing and intentional.

**FIFTH CLAIM**
**(Against all Defendants)**
**[NEGLIGENCE [PREMISES LIABILITY] AND NEGLIGENCE PER SE]**

56.     Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the facts and allegations contained in preceding paragraphs of this Complaint and incorporates them herein.

57.     At all times herein mentioned the area along the paths of travel at the Property where Plaintiff was injured on March 10, 2022 as well as multiple other locations in the exterior accessible routes were in a dangerous condition due to the negligence and other breaches of duty owed to Plaintiff by Defendants. In addition, the doors in the Facility that damaged Plaintiff's wheelchair were negligently installed and/or maintained all in violation of law.

58.     As a proximate result of the dangerous and illegal conditions noted herein, Plaintiff suffered the injuries and attendant damages as set forth herein.

59.     The known dangerous and illegal condition(s), as described above, created a substantial risk of the type of injury and loss alleged herein when such property was used with due care in a manner in which it was reasonably foreseeable that it would be used.

60.     At all times relevant to this Complaint, on information and belief, Defendants, and each of them, owned, operated, maintained, controlled, designed, constructed, altered, modified, inspected, equipped, supervised, and administered the area which is the subject of this Complaint where Plaintiff was injured on March 10, 2022 as well as the doors on the Facility at issue in this action, such that they were in some manner substantially responsible for property design, construction, maintenance, repair, inspection, monitoring, and signing, and/or other work that was conducted in the subject area or in the area surrounding the place where the Plaintiff was injured and/or his property was damaged

61.     On information and belief  Defendants, and each of them, failed to notify the other Defendants of dangerous condition(s).

62.     Defendants, and each of them, through their acts and omissions, created the dangerous condition(s) and/or failed to remedy the dangerous condition(s) and/or failed to warn of the dangerous conditions.

63.    Defendants, and each of them, had the authority and the funds and other means available to take alternative action that would not have created the dangerous condition or at least would have warned Plaintiff of their existence.

64.    Defendants, and each of them, had the authority and the responsibility to take adequate measures to protect against the dangerous condition that caused Plaintiff's injuries and losses. Although these defendants had actual and/or constructive knowledge of the dangerous condition(s) at the Property and Facility they failed to warn the public of the dangerous condition(s).

65.    Prior to or on or about the date of Plaintiff's injury and damage to his property, the Defendants, their employees, contractors, subcontractors and agents, and each of them, acting within the scope of their employment, were negligent and careless in doing the acts set forth above, which negligence created the dangerous condition(s) as described herein.

66.    The Defendants, and each of them, were further negligent in that they failed to monitor and/or inspect their work on or condition of the exterior routes at the Property and doors at the Facility so as to determine if there were conditions which would develop that would pose a risk of harm to individuals that would be using the Property and Facility in a foreseeable manner. Additionally, Defendants, and each of them, failed to inspect, warn, and perform adequate repair and/or maintenance of the Property and Facility.

67.    Defendants, their employees, contractors, subcontractors and agents, and each of them, had actual and/or constructive knowledge of the existence of the dangerous condition(s) and knew or should have known of their dangerous and illegal character in that the condition had existed for a sufficient period of time, and was of such a nature that Defendants, in the exercise of due care should have discovered the conditions and their dangerous character within a sufficient period of time prior to the occurrence of the injury and losses alleged, to have taken measures to protect against the dangerous condition(s).

68.    At all times, Defendants failed to install any safety and/or preventative measures to guard against injuries occurring in the area of Property where Plaintiff was injured on March 10, 2022 or damage to his personal property on account of the illegally heavy and fast closing doors

1    in the Facility.

2        69.    As a result of such negligence, Plaintiff has sustained damages.

3        70.    At all times, Defendants owed a duty of reasonable care to prevent injury to

4    members of the public, including Plaintiff.  Through their acts and omissions, Defendants breached

5    the duty of reasonable care to prevent injury and damage to the personal property to Plaintiff.  As

6    a result of such acts and/or omissions by defendants, Plaintiff suffered personal injuries and

7    attendant damages and damage to his wheelchair.  As such, defendants are liable to Plaintiff.

8        71.    Plaintiff in no way contributed to, nor was he in any way at fault for any of the

9    injuries she sustained. The negligence of Defendants, as alleged herein above was a substantial

10   factor in Plaintiff's fall and injury on March 10, 2022 as well as the ongoing property damage he

11   has suffered to his wheelchair because of non-compliant doors.. Defendants were aware of ,or in

12   the exercise of due care were required to know of the dangerous conditions that caused Plaintiff's

13   injuries and losses. The dangerous conditions were not trivial defects and were clear risks to the

14   general public and particularly to those persons who use wheelchairs or other mobility devices. Of

15   course, given the nature of the Facility and the other buildings on or connected to the Property,

16   Defendants knew that these features and elements were used by a large population of people with

17   mobility and other disabilities.

18       72.    As and to the extent that the Defendants violated any statute, law or ordinance

19   designed to protect against the sorts of risks that caused Plaintiff's fall and injuries (or damage to

20   his wheelchair), including but not limited to the ADA, Section 504, §§ 51, 54, 54.1 of the

21   California Civil Code, §§ 19953 et seq. of the California Government Code and the Title 24

22   regulations concerning the construction, modification, alteration and maintenance of features

23   designed to provide for safe and accessible conditions for people with disabilities or the general

24   public the negligence of said Defendants constitutes negligence per se.

25       73.    To the extent that any of the negligent acts or omissions alleged herein were the

26   result of the negligence of any Defendant's employees acting in the course and scope of their

27   employment, said defendants are liable for the acts or omissions of said employees under the

28   principle of *respondeat superior*.

WHEREFORE, Plaintiff prays for damages and relief as set forth below.

**PRAYER FOR RELIEF**

A.      For general and special damages pursuant to California Civil Code §§ 52, 54.3, 3281 and 3333 29 USC §794(a), and/or under common law.

B.      For a trebling of actual damages, but in no event less than $4,000 in damages pursuant to California Civil Code § 52, for each and every violation of California Civil Code § 51;

C.      In the alternative, to the damages pursuant to California Civil Code § 52 in Paragraph B above, for a trebling of actual damages, but in no event less than $1,000 in damages, pursuant to California Civil Code § 54.3 for each and every violation of California Civil Code § 54.1 and/or California Civil Code § 54;

D.      For injunctive relief pursuant to 42 U.S.C. section 12188(a)(2) and 29 U.S.C section 794(a)(2).  Plaintiff requests that this Court enjoin Defendants from continuing to do business at Facility and Property prior to complying with the ADA, Section 504, by making sure that the Facility and Property meet accessibility standards including the provision of accessible paths of travel between the Facility and other buildings and elements at the Property as well as access to the public right of way as well as interior accessibility at the Facility including the provision of accessible doors to patios and elsewhere. In the alternative Plaintiff prays that this Court issue a mandatory injunction requiring Defendants to immediately provide the accessible elements noted above and generally require Defendants to obey their duties under the ADA and Section 504.  **Plaintiff does not request any injunctive relief pursuant to §55 of the California Civil Code or § 19953 of the California Health & Safety Code or any other provision of California law;**

E.      For attorneys' fees and costs pursuant to 42 U.S.C. §12188(a), California Civil Code §52; California Civil Code §54.3, California Code of Civil Procedure §1021.5; and 29 U.S.C. §794(b)

F.      For such other further relief as the Court deems proper.

Date: March 8, 2024                    LAW OFFICES OF ANTHONY GOLDSMITH, APC


                                        /s/ Anthony Goldsmith
                                        By Anthony Goldsmith, Esq.
                                        Attorneys for Plaintiff
                                        GUY JONES


### DEMAND FOR JURY

Plaintiff hereby demands a jury for all claims for which a jury is permitted.


Date: March 8, 2024                    LAW OFFICES OF ANTHONY GOLDSMITH, APC


                                        /s/ Anthony Goldsmith
                                        By Anthony Goldsmith, Esq.
                                        Attorneys for Plaintiff
                                        GUY JONES